[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff seeks to recover for personal injuries incurred on May 21, 1998 at Lighthouse Park, a city owned and operated public park. On that date, the plaintiff was seated on a swing, one of a set, when, after 4 or 5 "swings," "the seat broke under him" and he was caused to fall to the ground from a height of about 5 feet.
At the conclusion of the plaintiff's case, the defendant moved for dismissal. After argument, the court reserved decision. At the commencement of trial, the defendant withdrew its fourth special defense, and the court dismissed the case as to Parks Commissioner Robert Schmalz.
 I
A major difficulty in the plaintiff's case was his inability to state what caused his fall. He testified on cross-examination that he saw nothing wrong with the swing before he mounted it. After four or five CT Page 7189 swings "the seat broke under him." He said it was not the chain that broke and "the seat was O.K." He went on to say "the linkage to the seat — a belt or whatever holds it to the chain snapped." In a pre-trial deposition he said he didn't know what part failed nor why it failed. Nor did he return to the swing and examine it after the fall.
The plaintiff presented no physical evidence to demonstrate the swing attachment or how and where it failed.
On these facts, the court cannot assess negligence nor determine proximate cause, and would be speculating to do so. Cruz v. Drezek,175 Conn. 230, 236 (1978).
 II
The plaintiff also argued that the doctrine of res ipsa loquitor applies and the very occurrence is sufficient to establish liability.
Our Supreme Court has defined this doctrine in these terms in Conlonv. G. Fox Co., 165 Conn. 106, 111 (1973):
 "Where common experience has demonstrated that no injury would ordinarily result from a situation, condition or apparatus unless there was careless construction, inspection or user, and the construction, inspection and user were all in the control of the party charged with neglect, no voluntary action of the party injured being involved, common sense permits an inference of negligence from proof of the injury and the physical agency inflicting it, without requiring proof of facts pointing to the responsible human cause. The result is simply that such proof, without proof of further facts tending to show negligence, satisfies the plaintiff's duty of producing evidence sufficient to permit the trier, whether court or jury, to draw an inference of negligence." Lowman v. Housing Authority, 150 Conn. 665, 669-70, 192 A.2d 883.
The plaintiff has introduced no evidence to satisfy these requirements, leaving one to speculate as to latent defects, defective construction and improper usage, among other factors. The doctrine is not applicable.
 III CT Page 7190
The plaintiff has also plead nuisance. The elements of nuisance set forth in the defendants' trial brief are: "(1) the condition complained of had a natural tendency to create danger and inflict injury upon person or property; (2) the danger created was a continuing one; (3) the use of the land was unreasonable or unlawful; [and] (4) the existence of the nuisance was the proximate cause of the plaintiff's injuries and damages." Elliot v. Waterbury, 245 Conn. 385, 420 (1998).
Again, the plaintiff is confronted by his failure to show proximate cause. Nor can he prove an unreasonable or unlawful use of land.
 CONCLUSION
The court concludes that the plaintiff has not met his burden of proof and judgment may enter for the defendants.
Anthony V. DeMayo Judge Trail Referee